# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:09CV300-MU-02

CHARLES CARSON,                    )
    Petitioner,                )
                        )
        v.                     )          **ORDER**
                        )
THEODIS BECK, Former Secretary)
  of the Department of Correc-)
  tion, et al.,                 )
    Respondents.               )
_____)


**THIS MATTER** comes before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the form-Petition, a jury convicted Petitioner of larceny after breaking and entering; first degree burglary; assault on a government official; and resisting a public official. Accordingly, on September 29, 2004, the Superior Court of Mecklenburg County sentenced Petitioner to terms of 116 to 149

months; 10-12 months; and 150 days imprisonment.  In a direct appeal before the North Carolina Court of Appeals, Petitioner's convictions and sentences were affirmed upon a finding of "no error."  North Carolina v. Carson, 2006 WL 2529627, slip op. at 3 (N.C. App. Sept. 5, 2006) (unpublished).  Petitioner did not seek further review in the State court; nor did he seek certiorari review in the United States Supreme Court.  Therefore, Petitioner's convictions and sentences became final 90-days after the State Court of Appeals denied his appeal, that is, on or about December 4, 2006.

Thereafter, Petitioner began his pursuit of collateral review on July 16, 2007, when he filed a Motion for Appropriate Relief ("MAR") in the Superior Court of Mecklenburg County.  However, Petitioner's MAR was denied on August 15, 2007.  After the denial of his MAR, Petitioner initially did not complete his pursuit of collateral review by filing a petition for a writ of certiorari in the North Carolina Court of Appeals.  Rather, although he did not report this information on this federal Petition, a computerized search reveals that on December 20, 2007, Petitioner improperly filed his first certiorari petition in the Supreme Court of North Carolina, rather than in the State Court of Appeals.  Not surprisingly, that Petition was rejected on March 8, 2008.

Three months later, Petitioner came to this Court and filed

his first federal <u>habeas</u> Petition on June 11, 2008.[1]  <u>See</u> <u>Carson v.</u>
<u>Beck</u>, 3:08CV288. However, that Petition was dismissed twelve days
later on June 23, 2008, for Petitioner's failure fully to exhaust
his State remedies by properly seeking <u>certiorari</u> review in the
State Court of Appeals.  Consequently, Petitioner returned to State
Court, and on July 16, 2008, he properly filed his <u>certiorari</u>
petition in the State Court of Appeals.  That Petition was denied
by that Court on March 19, 2009.

Now, Petitioner has returned to this Court on the instant
Petition arguing that he was subjected to ineffective assistance of
counsel during his trial; that his right to due process was
violated at sentencing; that the trial court abused its discretion
by entering a judgment against him when the evidence was insuf-
ficient to support his guilt; and that the trial court abused its
discretion when it directed the jury to continue deliberating after
learning of its deadlock.  Nevertheless, this Court has determined
that the instant <u>Habeas</u> Petition is time-barred.

## II.  <u>ANALYSIS</u>

Indeed, in April 1996, the U.S. Congress enacted the
Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA,
hereafter), effectively amending 28 U.S.C. §2254 by adding the
following language:

---

[1] Pursuant to the "mail box" rule announced in <u>Houston v. Lack</u>, 487 U.S.
266 (1988), Petitioner's Petition must be considered filed as of the June 11,
2008, that is, the date he delivered that document to prison authorities for
mailing to this Court.

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, as the Court already has noted, Petitioner's convictions and sentences were affirmed upon direct appeal on September 5, 2006. Because there was no further direct review in Petitioner's cases, those matters became final 90-days later on December 4, 2006. See Clay v. United States, 537 U.S.

4

522, 527 (2003) (noting that convictions become final for AEDPA
purposes at the expiration of the period during which direct review
could have been sought).    Based upon the foregoing, Peti-
tioner's one-year limitations period began to run on December 5,
2006.  See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000)
(noting the 1-year limitations period set forth by the AEDPA); and
Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same); see
also 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations
period begins on "the date on which the judgment became final by
the conclusion of direct review or the expiration of the time for
seeking such review.").  Therefore, in the absence of any inter-
vening circumstances which could toll Petitioner's one-year
deadline, he up to and including December 5, 2007, in which to file
this Petition.  Obviously, Petitioner did not meet that deadline.

Rather, after Petitioner's convictions and sentences became
final on December 4, 2006, he allowed more than 223 days of his
one-year period to elapse before the period was tolled by his
filing of his MAR on July 16, 2007.  See Minter v. Beck, 230 F.3d
663 (4th Cir. 2000) (time period after case became final for
purposes of direct appellate review but before initiation of State
collateral review is not tolled from one-year limitations period).
Thus, Petitioner's one-year clock was stopped on July 16, 2007, and
the period remained tolled until December 20, 2007, when he
improperly filed his certiorari petition seeking review of the

denial of his MAR in the Supreme Court of North Carolina -- rather than the North Carolina Court of Appeals.

That is, North Carolina requires that petitions for certiorari for review of MAR proceedings be filed in the State Court of Appeals. See N.C.G.S. § 15A-1422 (noting requirement for certiorari petitions for MARs be filed in State Court of Appeals). Thus, because Petitioner did not properly file his first certiorari petition in the State Court of Appeals, the time during which that petition was pending is not excludable, i.e., the limitations period was not tolled during that time. Indeed, the U.S. Supreme Court has explained that a motion or petition is "properly filed" when "its delivery and acceptance are in compliance with the applicable rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (emphasis added). Inasmuch as Petitioner failed to file his first certiorari petition in accordance with North Carolina's rules, that petition merely was a pending application which did not toll the limitations period. See generally Brown v. Ozmint, 2007 WL 2455178 (D.S.C. Aug. 23, 2007) (holding that a petition for collateral review which was filed out of time did not toll the federal one-year AEDPA deadline); Parker v. Burtt, 2006 WL 2569522, slip op. at 3(D.S.C. Sept. 1, 2006) (same).

Critically, this means that Petitioner's one-year clock re-started on December 20, 2007, and continued to run for 142 days until it fully expired on May 11, 2008. Therefore, even when the Court takes into consideration that Petitioner eventually returned to State court on July 16, 2008, and properly filed a certiorari petition at the State Court of Appeals –- after having prematurely filed his first federal habeas Petition in this Court, that fact is of no consequence since Petitioner's one-year period already had expired months earlier on May 11, 2008.

Alternatively, even if the Court were to calculate Petitioner's limitations period without gaps and presume that his collateral review period ran from the date on which he filed his MAR, July 16, 2007, up until the date on which his collateral review process finally was concluded with the denial of his properly filed MAR on March 19, 2009, but excludes the time during which his improperly filed certiorari petition was pending (December 20, 2007 until March 8, 2008), excludes the time which elapsed after that petition was denied until the date he filed his first federal Petition (March 9, 2008 until June 11, 2008), excludes the time during which that first federal Petition was pending (June 11 to June 23, 2008), and excludes the time that elapsed following his conclusion of the State collateral review process until the date he filed this second Petition, (March 19 through July 5, 2009), the calculations still would be of little

7

benefit to Petitioner.

To begin, Petitioner had 142 days remaining on his one-year limitations period at the time that he filed his MAR. From that the Court must subtract the 78 days during which his improperly filed <u>certiorari</u> petition was pending, leaving 64 days. Next, the Court must subtract the 93 days which elapsed between the time the wrongly filed <u>certiorari</u> petition was filed and the day Petitioner filed his first Petition in this Court, making Petitioner's Petition 29 days late at this point. To that 29-day deficit, the Court must then add the 12 days during which Petitioner's first <u>habeas</u> petition was pending in this Court, and the 107 days which elapsed between the time that Petitioner's collateral review concluded in State court and the date on which he filed the instant Petition. Based upon these more generous calculations, the instant Petition still is 148 days late.

Moreover, after having allowed more than two years to elapse between the time his convictions and sentences became final and the date he filed the instant Petition, Petitioner was in the position to know that his Petition might be construed as time-barred.[2]

---

[2]In January 2002, the Fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal <u>habeas</u> court, prior to trial, perceives a <u>pro-se</u> [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal <u>habeas</u> forms to comply with <u>Hill</u>. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to

Indeed, question 18 on his form-Petition prompts petitioners whose judgments of conviction became final more than a year before the initiation of their <u>habeas</u> Petitions to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [their] Petition[s]." In response to that question, Petitioner advises the Court, in part, that:

> My direct appeal was final on March 19, 2009. I was not represent[ed] on direct appeal by counsel. Appellant [sic] counsel filed a 'Anderson v. California' [sic] which left me to filed [sic] all motions. Defendant has right to effective assistance on direct appeal. Defendant ask[s] the Court to adjudicate on the merits of these issues in which there was not a hearing.

. . . .

Suffice it to say, however, the foregoing statement falls far short of establishing a statutory basis for excusing Petitioner's delay in filing his Petition as he misapprehends the facts. Petitioner's convictions and sentences became final at the expiration of the time for seeking review in the U.S. Supreme Court, December 4, 2006. Furthermore, there is not entitlement to counsel on collateral review; therefore, his lack of counsel cannot somehow render his Petition timely filed. In sum, Petitioner's explanation simply is ineffective.

---

vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that Petitioner was given the opportunity to address the timeliness of his Petition but failed to do so, this Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

Likewise, the Court is aware that equitable tolling of the AEDPA statute of limitations is allowed in "rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc). Here, however, Petitioner has not articulated any such rare circumstances for equitable tolling. Indeed, not even his misapprehension of the facts is sufficient to warrant equitable tolling.

Moreover, the Court also is aware of the Fourth Circuit's decision in Bilal v. North Carolina, 287 Fed. Appx 241 (4th Cir. July 18 2008), in which the Court, specifically limiting its holding to the facts of that case, concluded that this Court's sua sponte dismissal of a § 2254 Petition was premature. However, this case is distinguishable from Bilal.

In Bilal, the petitioner responded to question 18 on his form petition with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status. Here, Petitioner provided a response which simply was insufficient to excuse his delay. Moreover, unlike Bilal, this case does not involve a mere 30-day delay, rather, depending upon which of the two calculations is relied upon, Petitioner's delay was no less than 4 ½ months up to 13 ½ months. As such, this Court finds Bilal inapplicable here. Therefore, Petitioner's untimeliness stands as

an absolute bar to his entitlement to federal review.

Finally, Petitioner has submitted a copy of his inmate trust account statement, he failed to provide an actual IFP Application. Although the statement tends to show that Petitioner does not have sufficient funds from which to pay the subject $5.00 filing fee, he will need to submit an Application upon which the Court can rule.

### III.  CONCLUSION

The Court has determined that the instant Petition was un-timely filed without excuse; therefore, such Petition must be dismissed.

### IV.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Petitioner's Petition for a Writ of Habeas Corpus (document # 1) is **DENIED and DISMISSED** as untimely filed;

2.  Within thirty days of the date of this Order, Petitioner must either remit the $5.00 filing fee or submit an actual IFP Application for the Court's consideration; and

3.  The Clerk of Court shall send Petitioner an IFP Application along with a copy of this Order and the corresponding Judgment.

**SO ORDERED.**

Signed: August 4, 2009

Graham C. Mullen
United States District Judge